# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

_____

| | |
|---|---|
| GURNEY LEE GARRETT, | Cause No. CV-08-00082-H-DWM-RKS |
| Plaintiff, | ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, |
| vs. | DENYING MOTION FOR CHANGE OF VENUE AND FINDINGS AND |
| JEREMY GERSOVITZ and MICHAEL MENAHAN, | RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |
| Defendants. | |

_____

This matter comes before the Court on Plaintiff's Motion to Proceed In

Forma Pauperis (Document 1), a proposed Complaint submitted pursuant to 42

U.S.C. § 1983 (Document 2), and Plaintiff's Motion for Leave to File for Change of Venue. (Document 3). The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff submitted a declaration and an account statement sufficient to make the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be **GRANTED**.

The Complaint shall be deemed filed as of the date the Motion to Proceed In Forma Pauperis was filed and the proposed complaint was delivered to the Clerk of Court. See *Loya v. Desert Sands Unified Sch. Dist.*, 721 F.2d 279, 280-81 (9th Cir. 1983); see also *United States v. Dae Rim Fishery Co.*, 794 F.2d 1392, 1395 (9th Cir. 1986) (concluding complaint constructively filed when delivered to clerk of court).

Notwithstanding his forma pauperis status, Plaintiff is required to pay the statutory filing fee of $350.00 for this action, even if the case is dismissed. See 28 U.S.C. § 1915(b)(1), (e)(2). Plaintiff has paid an initial partial filing fee of $100.00. In addition, Plaintiff must make monthly payments of 20% of the income credited to his account each month. The percentage is set by statute and cannot be altered. See 28 U.S.C. § 1915(b)(2). By separate order, the Court will

direct the agency having custody of Plaintiff to forward payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full.  See Id.

## II.  MOTION TO CHANGE VENUE

Plaintiff requests this matter be transferred from the Helena Division of this Court to the Billings Division.  Plaintiff argues he filed a judicial complaint under 28 U.S.C. § 351 claiming the undersigned violated Plaintiff's rights by bias and prejudice because there was a delay in his habeas action.  The Court has construed Plaintiff's motion as a request for recusal of the undersigned.  As such, it will be denied.

The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same:  "[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (quotation omitted). Ordinarily, the alleged bias must stem from an "extrajudicial source." Liteky v. United States, 510 U.S. 540, 554-56, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994).  "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." Liteky, 510 U.S. at 555.  "[O]pinions formed by the judge on

the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

Just because Plaintiff may have filed a complaint of judicial misconduct against the undersigned is not a sufficient basis to require recusal. *See In re Mann*, 229 F.3d 657, 658-59 (7th Cir. 2000) (explaining if a judicial complaint alone were sufficient to disqualify a judge litigants "could easily manipulate the system by filing a misconduct complaint"). This Court has never displayed antagonism toward Plaintiff and there is no basis on which to question this Court's impartiality in this matter. Plaintiff's motion to change venue will be denied.

## III. PARTIES

Plaintiff is a prisoner proceeding pro se. Plaintiff is incarcerated in Minnesota. He named Jeremy Gersovitz and Michael Menahan as defendants.

## IV. PLAINTIFF'S ALLEGATIONS

Plaintiff's allegations are somewhat jumbled and difficult to understand. Plaintiff first contends that on September 21, 2004 a notice of preliminary hearing was entered by Judge Jewell in Justice Court. He states on October 1, 2004, a

forged legal court document was entered by Judge Jewell and an Order was given to hold Plaintiff to answer, following the forged Waiver of Preliminary Hearing. Plaintiff states he had no knowledge of the Waiver of Preliminary Hearing, was not given a copy and was not aware of the consequences of such Waiver. He alleges ineffective assistance of counsel stating Defendant Jeremy Gersovitz knowingly broke the law, performed administrative duties as to what the clerks' jobs are, and aided and conspired with the adverse party in violating Plaintiff's constitutional rights to due process and equal protection.

Secondly, Plaintiff contends Defendant Michael Menahan either directed Jeremy Gersovitz to sign the Waiver without Plaintiff's knowledge and consent or he afforded Jeremy Gersovitz time to sign the Waiver. He contends Menahan intended to deny Plaintiff his due process rights to a preliminary hearing and have Plaintiff held in Lewis and Clark County Jail instead of releasing him to Broadwater County for a first appearance on a probation violation. Plaintiff argues Defendant Menahan is not entitled to prosecutorial immunity because of his prior knowledge and intent to injure.

Third, Plaintiff alleges Defendant Menahan filed false information, affidavit, complaint or other papers to the executive authority of the State of

Montana in order to obtain a fugitive from justice warrant for extradition. Plaintiff alleges when Defendant Menahan received the information concerning Plaintiff's probation, he knew it only consisted of absconding and Plaintiff had not commited a new felony offense and fled the state. Plaintiff contends Menahan knew Plaintiff was being held in a different state on an unrelated charge, Plaintiff was not in any agreement with the Interstate Compact Act and Plaintiff was not on supervision in another state according to the agreement on parole and probation offenders. Plaintiff contends the intent of this action was to have Plaintiff held based on fraudulent information in hopes Plaintiff would not challenge this action. Plaintiff contends Menahan knew once a detainer was attached to anyone in a correctional facility, that person is not entitled to a reduction in points and are classed to a higher classification.

   Fourth, Plaintiff claims after several attempts by all parties involved at getting a final disposition on a federal detainer brought by Defendant Menahan, Defendants refused to comply, respond, or answer to the request made. When Plaintiff challenged this action and made the request to the Executive Authority in Minnesota, the attorney general immediately notified the Governor and the Governor of Minnesota made a rendition of the warrants from that state. The

office of the Governor for the State of Minnesota notified by mail, the Governor of Montana of the rendition of that state's warrants.  The Plaintiff took this information and notified Defendant Menahan and requested a response and never received one.

Plaintiff's fifth claim is that the detainer was originally issued against the Plaintiff on April 14, 2006 and again on November 27, 2006 after the first request for final disposition.  Plaintiff contends since the detainer was issued, he has been held to a stiffer penalty because of the point system in the correctional facility where Plaintiff is being held.

Plaintiff alleges the violations of his due process rights under the Fourteenth Amendment and ineffective assistance of counsel in violation of the Sixth Amendment led to the imprisonment of Plaintiff under extraordinary circumstances.  Plaintiff contends he has gone from suffering from PTSD to depression to bi-polar to manic depressive with suicidal tendencies.

Plaintiff contends the conspiracy to violate his constitutional rights plus the failure to respond to mandatory disposition of detainers in violation of Plaintiff's Sixth Amendment right and Article IV of the United States Constitution has caused Plaintiff injury.

## V. PRELIMINARY SCREENING OF THE COMPLAINT

### A. Standard

As Plaintiff is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Section 1915A reads as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b); see also 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Both sections 1915A(b) and 1915(e)(2)(B) provide that the Court may dismiss the complaint before it is served upon the defendants if it finds the complaint is "frivolous" or "fails to state a claim upon which relief may be

granted." A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ____, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 550 U.S. ____, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting *Bell*, 127 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Additionally, "[a] document filed pro se is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 127 S.Ct. at 2200; Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez*

*v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

**B. Analysis**

While Plaintiff set forth a number of different claims for relief, all seek to challenge his criminal conviction. This he cannot do. First, the Ninth Circuit has held that by virtue of the Supreme Court's decision in *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981), public defenders are not state actors within the meaning of § 1983 when performing traditional lawyer duties. *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003)(en banc). Even if Plaintiff could prove ineffective assistance of counsel, he cannot state a § 1983 claim for damages against his criminal defense lawyer Jeremy Gersovitz because there would be no state action. *See also Cox v. Hellerstein*, 685 F.2d 1098, 1098-99 (9th Cir. 1982) (dismissing a suit against a federal public defender for lack of

subject matter jurisdiction).

In addition, a state prosecutor is entitled to absolute immunity from liability under § 1983 for violating a person's federal constitutional rights when he or she engages in activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Specifically, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler*, 424 U.S. at 431. Absolute immunity protects a prosecutor's activities in unless the prosecutor steps outside his or her role as an advocate, such as acting as a complaining witness. *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997) (prosecutor's act of personally certifying truthfulness of statements in an application for an arrest warrant not protected by absolute immunity). Plaintiff's allegations against Mr. Menahan stem from his activities intimately associated with the judicial phase of the criminal process. Plaintiff's arguments to the contrary are unavailing. Mr. Menahan's decisions regarding holding Plaintiff in Lewis and Clark County as opposed to sending him to Broadwater County and in obtaining a detainer were done in the process of acting as an advocate for the County. Each allegation by Plaintiff pertaining to Mr. Menahan arises from Menahan's role as the prosecuting

attorney. Nothing in Plaintiff's allegations suggest Mr. Menahan stepped out of his role as an attorney for the County. See Kalina, 522 U.S. 118; Imbler, 424 U.S. at 430. Therefore, Mr. Mehahan is entitled to absolute prosecutorial immunity.

In addition, Plaintiff's claims are barred by the doctrine set forth in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In Heck, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. Id.

Plaintiff previously filed two petitions for writ of habeas corpus in this Court. The first sought to vacate his Lewis and Clark County sentence and the Broadwater County sentence. That petition was dismissed with prejudice as being procedurally barred. (See Civil Action No. 07-CV-0025-H-DWM, Document 31). Plaintiff's second petition for writ of habeas corpus alleged Plaintiff had a right to be removed from his current detention facility in Minnesota and extradited to Montana to face a charge that he violated the conditions of his probation. In that

petition, Plaintiff claimed the prosecution provided "false information" when it applied to the Governor for an extradition warrant. Plaintiff argued the Interstate Compact for Adult Offender Supervision and the Interstate Agreement on Detainers required he be removed from a detention facility in Minnesota and extradited to Montana to fact probation violation charges. The Court found those two agreements did not apply, stating,

> First, the Interstate Compact for Adult Offender Supervision did not apply because Garrett is not on supervision in Minnesota. Garrett absconded from supervision in Montana and was not authorized to be supervised in Minnesota. Secondly, the Interstate Agreement on Detainers does not apply because Garrett is wanted for a probation violation, not on an untried indictment, information, or complaint.

(Civil Action No. 08-CV-0006-H-DWM, Document 11).

Thus, Plaintiff has already attempted to challenge his conviction by way of petitions for writ of habeas corpus filed in this Court. Those petitions were denied.[1]  Plaintiff's conviction has not been reversed, declared invalid, expunged, or called into question. Thus, he has failed to state a claim upon which relief may be granted. This is not a defect which could be cured by amendment. Accordingly, Plaintiff's Complaint should be dismissed.

---

[1] A court may take judicial notice of its own as well as other courts' records. *See, e.g.*, *Rand v. Rowland*, 154 F.3d 952, 961 (9th Cir. 1998) (en banc); *Zolg v. Kelly (In re Kelly)*, 841 F.2d 908, 911 n.1 (9th Cir. 1988).

### C. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act (PLRA) prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The Court is going to designate this case as a "strike" under this provision because Plaintiff's allegations fail to state a claim.[2]

### D. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App. P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in

---

[2]The Court acknowledges the question of whether a complaint dismissed pursuant to *Heck,* 512 U.S. 477 constitutes a strike under the PLRA is undecided in this circuit. *Andrews v. Cervantes,* 493 F.3d 1047, 1052 n.2 (9th Cir. 2007). However, Plaintiff's Complaint fails to state a claim both on the basis of *Heck* and Plaintiff's failure to name a proper party defendant. Accordingly, the Court recommends the issuance of a strike.

good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (9th Cir. 2000).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact. Plaintiff's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit. Plaintiff failed to name a proper Defendant and his allegations are clearly barred by the *Heck* doctrine. Therefore, this Court will certify that any appeal of this matter would not be taken in good faith.

## VI.  DOCUMENTS RECEIVED DECEMBER 22, 2008

On December 22, 2008, the Clerk of Court received a number of documents for serving this matter upon Defendants including Notices of Lawsuit and

Requests for Waiver of Service of Summons.  Given the recommendation to dismiss this matter, the Clerk of Court is directed to discard those documents as the Defendants need not be served with this action at this time. Further, should service of the Defendants ever become an issue, the Court will take responsibility for the service of this action under 28 U.S.C. § 1915.

Based upon the foregoing, the Court issues the following:

## ORDER

1.  Plaintiff's Motion for Leave to Proceed in forma pauperis (Document 1) is **GRANTED.**  The Clerk of Court shall waive prepayment of the filing fee.

2.  The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is **DEEMED FILED** on December 11, 2008.

3. Plaintiff's Motion for Leave to File for Change of Venue (Document 3) is DENIED.

4.  The Clerk of Court is directed to discard the service documents received from Plaintiff on December 22, 2008.

5.  At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective

date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Plaintiff has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

### RECOMMENDATION

1. Plaintiff's Complaint (Document 1) should be **DISMISSED.** The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Plaintiff's failure to state a claim.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendation within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 12th day of January, 2009.

    /s/ Keith Strong
Keith Strong
United States Magistrate Judge