

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| GURNEY LEE GARRETT, | ) | CV 08-82-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JEREMY GERSOVITZ and | ) | |
| MICHAEL MENAHAN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Gurney Lee Garrett is a state prisoner, currently serving a sentence

in Minnesota for felony DUI, and proceeding *pro se* in this action brought

pursuant to 42 U.S.C. § 1983. Garrett alleges in his complaint that Defendant

Jeremy Gersovitz, the state public defender who represented him in a Montana

state court proceeding in Lewis and Clark County in 2004, forged a Waiver of

1

Preliminary Hearing in that matter, thereby violating Garrett's constitutional right to due process. He alleges as well that Defendant Michael Menahan, the state prosecutor who handled the case, conspired with Gersovitz to forge the waiver. Garrett previously filed a petition for writ of habeas corpus seeking vacatur of the remaining portion of his sentence out of Lewis and Clark County. The petition was denied. See Garrett v. Menahan, CV 07-25-H-DWM-RKS (dkt # 28). In this action, Garrett seeks injunctive relief and monetary damages against the individual defendants.

On January 12, 2009, Magistrate Judge Keith Strong filed Findings and Recommendation in this matter. Judge Strong recommended this Court 1) dismiss Garrett's complaint for failure to state a claim; 2) assess a strike against him; and 3) certify that an appeal of this decision would not be taken in good faith. Garrett timely filed objections to the Findings and Recommendation and is therefore entitled to *de novo* review of the of the record on the portions of the Findings and Recommendation to which he objects. 28 U.S.C. § 636(b)(1).

I

Garrett objects to Judge Strong's conclusion that he need not recuse himself from evaluating Garrett's complaint despite Garrett's claim that Judge Strong violated his rights "by bias and prejudice because there was a delay in his habeas

2

action."[1] Garrett argues his complaint in this action should have been assigned to a different Judge.

As Judge Strong noted, recusal is warranted where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986). Judge Strong's legal rulings adverse to Garrett's interests do not indicate bias. Liteky v. United States, 510 U.S. 540, 554-56 (1994). And Garrett provides no evidence suggesting Judge Strong harbors a personal bias against him. Moreover, because Garrett has filed objections this Court reviews *de novo* Judge Strong's rulings (as it did the Findings and Recommendation in Garrett's habeas action), thereby ensuring that the legal decisions affecting Garrett are legally sound.

## II

Judge Strong concluded that Garrett's complaint fails to state a claim against Gersovitz and Menahan under 42 U.S.C. § 1983 because public defenders are not state actors when performing traditional lawyer duties, Miranda v. Clark County, 319 F.3d 465, 468 (9th Cir. 2003) (*en banc*), and a state prosecutor is

---

[1]     Garrett's habeas petition was referred to Judge Strong for evaluation before this Court issued its Order denying the petition.

entitled to absolute immunity from liability when engaging in activities "intimately associated with the judicial phase of the criminal process[,]" Imbler v. Pachtman, 424 U.S. 409, 431-31 (1976).

Garrett objects to these conclusions. He asserts first that Gersovitz was acting in an individual capacity, and not as his attorney, when he filed a forged Waiver of Preliminary Hearing. He claims Gersovitz intentionally broke the law when he filed the Waiver, and aided Menahan in violating Garrett's rights. To support this conclusion, Garrett argues that Gersovitz was appointed to represent Garrett on October 13, 2004, after the Waiver was filed on October 1, 2004, and therefore Gersovitz was not performing his duties as a lawyer when he filed the Waiver. Garrett provides no evidence to support this argument, nor any other evidence of collusion between the defendants.

As Judge Strong noted, where a plaintiff brings a claim under 42 U.S.C. § 1983 for damages allegedly arising from constitutional violations contributing to a criminal conviction, the doctrine set forth in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), requires the plaintiff to prove that the conviction or sentence has been reversed on direct appeal or otherwise called into question. Where a conviction has been undermined on direct or collateral review, this indicates an error in the proceedings that led to the conviction. This in turn may lend weight to

4

a plaintiff's claim that he is entitled to monetary damages from the individual

defendants named in a § 1983 complaint.

Here, it is not clear from Garrett's complaint how the Waiver allegedly

affected his rights. He offers no explanation. This would not be so problematic if

Garrett could direct the Court's attention to a decision on direct or collateral

review that undermines his criminal conviction in the underlying state matter. As

Judge Strong noted, Garrett has unsuccessfully attempted to challenge his

conviction, which has not been reversed, declared invalid, expunged, or otherwise

called into question. Garrett objects that he has in fact filed an appeal in one of his

prior cases. But this does not meet the standard articulated in Heck. Because

Garrett has not met the Heck requirement, Garrett's complaint fails to state a

claim.

### III

Garrett objects to Judge Strong's conclusion that Garrett's complaint fails to

state a claim, arguing that his complaint meets the requirements of the Federal

Rules of Civil Procedure. Garrett misunderstands the term "failure to state a

claim," which denotes a fatal defect in the substance of pleadings, and not defects

of mere format. Garrett provides no evidence that Gersovitz filed the Waiver

prior to his appointment as Garrett's counsel, thereby committing an extralegal act.

The underlying criminal convictions have not been undermined on direct or collateral review. The substance of the complaint does not state a cognizable claim of a violation of 42 U.S.C. § 1983, regardless of its format.

## IV

Garrett objects to Judge Strong's recommendation that a strike be assessed against him pursuant to 28 U.S.C. § 1915(g). He argues that a strike cannot be assessed against him because 1) the Court does not have jurisdiction to assess a strike against him because he has appealed this Court's ruling on his habeas petition to the Court of Appeals, and 2) a district judge must conduct a *de novo* review of his objections to Judge Strong's Findings and Recommendation. The law does not support the first contention, and this Order addresses the second.

## V

Garrett objects to Judge Strong's recommendation that this Court certify that an appeal of this matter would not be taken in goof faith. He argues that a certificate of appealability should issue where a "Petition is dismissed on a procedural ground without reaching the prisoner's underlying claims[.]" Judge Strong did not recommend that Garrett's complaint be dismissed on a procedural ground, but rather, as discussed above, because the substance of the complaint fails to state a claim.

6

## VI

In accordance with the foregoing reasons,

IT IS HEREBY ORDERED that the Findings and Recommendation (dkt #

5) are adopted in full.

IT IS FURTHER ORDERED that Plaintiff Gurney Lee Garrett's complaint

is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the docket shall reflect that this dismissal

counts as a strike pursuant to 28 U.S.C. § 1915(g) for failure to state a claim.

IT IS FURTHER ORDERED that the docket shall reflect that pursuant to

Fed. R. App. P. 24(a)(3)(A), the Court certifies that any appeal of this decision

would not be taken in good faith.

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment

consistent with this Order and pursuant to Fed. R. Civ. P. 58.

Dated this ___27th___ day of February, 2009.

Donald W. Molloy, District Judge
United States District Court

7